Theodore J. Piteo, OSB# 090311
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Pkwy, Suite 160
Portland, OR 97223
Tel: 503-786-3800
ted@pdxlegal.com
Of Attorneys for Erica Holmes

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ERICA HOLMES, an individual,** | Case No. _____ |
| **PLAINTIFF**, | |
| vs. | |
| **RAY KLEIN, INC** | COMPLAINT AND DEMAND FOR JURY TRIAL |
| **DEFENDANT**. | |

I.  INTRODUCTION

1.

This is an action for actual and statutory damages brought by Plaintiff, Erica Holmes, an individual consumer, against Defendant Ray Klein, Inc, for violations of a) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; and b) The Oregon Unlawful Trade Practices Act, ORS 646.608.

II.  JURISDICTION

2.

Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 and 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III.   PARTIES

3.

Plaintiff, Erica Holmes, is a natural person residing in Coos County, the State of Oregon.

4.

Defendant Ray Klein, Inc ("RK") is a Foreign Business Corporation organized under the laws of Washington, with its principal place of business located at 400 International Way, Springfield, OR 97477, and engaged in the business of collecting debt in this state. The principal purpose of Defendant is the collection of debts in Oregon and Defendant regularly attempts to collect debts alleged to be due another.

5.

Defendant RK is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV.   FACTUAL ALLEGATIONS

6.

RK alleges that Plaintiff owes money to Bay Area Hospital in Coos Bay Oregon for personal medical services rendered between the years of 2009 and 2012 and to Peacehealth

Clinic in 2013 (collectively the "Debt"). The Debt was assigned to RK to collect and the Debt is in the nature of a consumer debt.

7.

RK filed a lawsuit against Plaintiff in Lane County small claims court on April 25, 2014, bearing case number 701408784 seeking to collect on the Debt (the "Lawsuit").

8.

Plaintiff never received service of the Lawsuit and was completely unaware of its existence or of the alleged Debt until learning of it in January 2024. Plaintiff does not owe this Debt.

9.

RK issued a garnishment to Plaintiff's US Bank account on January 8, 2024 (the "Garnishment"). RK's Garnishment took all of Plaintiff's funds from her account leaving her and her child afraid for their future wellbeing.

10.

Plaintiff was born in Coos Bay Oregon at Bay Area Hospital, but has not visited or received any services from Bay Area Hospital since she became an adult. On information and belief, Plaintiff does not believe she owes Peacehealth any money. Plaintiff does not owe the Debt.

11.

Plaintiff contacted Bay Area Hospital to get clarification on the Debt on January 9, 2024. Plaintiff spoke with Ana at Bay Area Hospital and was told that her Social Security Number does not match their records and they refused to release any information regarding the Debt to her. Ana indicated an investigation would need to be opened, but Plaintiff has not heard anything

further from RK or Bay Area Hospital about this "investigation." Plaintiff still does not have her money back.

12.

Upon information and belief, RK had no other debts it was holding or collecting from Plaintiff besides the Debt during the relevant time period.

13.

Shortly after receiving the Garnishment notice, Plaintiff also contacted RK multiple times to cease the Garnishment and explain that this was not her debt and mentioned her conversation with Ana at Bay Area Hospital.  They refused to listen and indicated they would continue to collect the Debt from her.

14.

As a result of the acts alleged above, Plaintiff suffered aggravated headaches, nausea, embarrassment, and doubt regarding her ability to stop the improper Debt collections effectively. In addition, Defendant's conduct caused Plaintiff to incur legal fees to rectify the improper collection contacts and caused her to empty out her retirement account to continue to pay her normal living expenses, which will require her to pay additional expenses.

15.

Defendant's endless march forward with their collection action and their intransigence in communicating incorrect and confusing information regarding the Debt caused the Plaintiff to suffer from excessive stress, nausea, anxiety and strain resulting in damages estimated to be $100,000 for purposes of default.

16.

Plaintiff also incurred economic damages and ascertainable loss for the gas and mileage on her vehicle in attempting to address this problem in an estimated amount of $300, medical and prescription costs in the estimated amount of $100, increased borrowing and penalty costs and lost investment opportunity to replace the improperly garnished funds in the estimated amount of $400, in addition to the improperly garnished funds in the amount of $841.09. These damages were foreseeable and a natural result from Defendant's violations.

## V.     CLAIMS FOR RELIEF

### COUNT ONE

(OREGON UTPA ORS § 646.608 and 646.638)

17.

Plaintiff realleges paragraphs 1 -16 above as if fully reproduced here.

18.

Defendant and their authorized agents acting in the course and scope of their engagement employed unconscionable and misleading tactics in dispensing with their duties in servicing the Debt and in performance of the Settlement as described above and in violation of ORS § 646.608(1)(b).

19.

Plaintiff has been misled and damaged by Defendant and Defendant's Agents' actions and is entitled to statutory damages of $200 or actual damages as outlined above, whichever is greater.

20.

Plaintiff is further entitled to an award of reasonable attorney fees and costs upon prevailing under this action. Plaintiff believes the Defendant's actions were sufficiently willful and egregious to entitle her to punitive damages in an amount to be proven at trial.

## COUNT TWO

(Fair Debt Collection Practices Act 15 U.S.C. § 1692)

21.

Plaintiff repeats, realleges and incorporates here by reference to the foregoing paragraphs 1 through 16.

22.

Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a)     Defendant made false representations concerning the collection of the Debt and the Garnishment in violation of 15 U.S.C. § 1692e(2).

(b)     Defendant made false representations regarding the legal status of the Debt, its ability to collect and prosecute the Debt and Garnishment in violation of 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(10), and 1692f(6).

(c) Defendant continued pursuit of the Suit and Garnishment when it should have acknowledged and terminated collections in violation of 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(10), and 1692f(6).

23.

As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages in an

estimated amount of $102,000, statutory damages pursuant to 15 U.S.C. § 1692k, and costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Declaratory judgment that Defendant's conduct violated the UTPA;

C. Actual damages in an amount to be determined at trial;

D. Statutory damages pursuant to 15 U.S.C. § 1692k;

E. Awarding Plaintiff costs and reasonable attorney's fees;

F. Awarding Plaintiff economic and non-economic compensatory damages pursuant to the UTPA;

G. Awarding Plaintiff statutory damages under the UTPA in the event other damages are not awarded under the UTPA;

H. Punitive Damages in amount to be determined pursuant to the UTPA; AND

I. For such other and further relief as the Court may deem just and proper.

Dated February 28, 2024.

Respectfully submitted,

/s/ Theodore J. Piteo
Theodore J. Piteo, OSB 090311
Attorney for Plaintiff
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Pkwy, Suite 160
Portland, OR 97223
Tel: 503-786-3800/ Fax: 503-272-7796
ted@pdxlegal.com

DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

_/s/ Theodore J. Piteo_
Attorney for Plaintiff